ROHLSEN SALES COMPANY, INC.

v.

ROBERT SIMPSON

Civil No. 117-1965

District Court of the Virgin Islands

Div. of St. Croix

Christiansted Jurisdiction

December 5, 1967

MARIS, *Circuit Judge*

OPINION

This is an appeal by the defendant from an order of the Municipal Court denying his motion to vacate a writ of arrest. The plaintiff had brought suit in the Municipal Court against the defendant for $354.49, being the purchase price of a motor scooter sold by the plaintiff to the defendant. Upon the strength of an affidavit that the defendant had concealed, removed or disposed of the motor scooter, and that the defendant had himself removed from the Virgin Islands and was temporarily in St. Croix for a limited period and was about to leave the Virgin Islands with intent to defraud his creditors, the Municipal Court issued a writ for the arrest of the defendant. The defendant

210

was arrested on May 17, 1965. On May 18, 1965 he entered a cash bail bond for his appearance in the Municipal Court and was discharged from arrest. On May 20, 1965 he filed in the Municipal Court a motion to vacate the writ of arrest, which motion the court denied. From the order of denial the present appeal was taken.

5 V.I.C. § 185, after authorizing a defendant who has been arrested under a writ of civil arrest to move to vacate it, provides:

> ". . . If upon the hearing of such motion it satisfactorily appears that there was not sufficient cause to allow the writ, or other good cause which would entitle the defendant to be discharged on habeas corpus, the same shall be vacated, or in case he has given bail the court may discharge the same or reduce the amount thereof on good cause shown."

Since the defendant had given bail his motion, under the statute, was in fact directed to the discharge of his bail bond under which he undertook to appear in the Municipal Court and answer the complaint against him. On June 2, 1965 when the Municipal Court heard his motion to vacate the writ he had not yet filed his answer and the bond was, therefore, still in force. The Municipal Court found from the evidence presented at the hearing on the motion that at the time the writ was issued the defendant had removed himself from the Virgin Islands, was only temporarily in St. Croix and was about to depart from the Virgin Islands with intent to defraud his creditors. The Municipal Court held that the question of the existence of good cause for issuing the writ should be judged as of the time of its issuance, and it accordingly denied the motion to vacate. We think that in so holding the court committed no error. Murray v. Superior Court, 1955, 44 Cal. 2d 611, 284 P.2d 1.

An order will be entered affirming the order of the Municipal Court.